**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL GOMEZ-DELGADILLO, | No. 19-72286 |
| Petitioner, | Agency No. A206-547-030 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021[**]
San Francisco, California

Before: RAWLINSON and BUMATAY, Circuit Judges, and S. MURPHY,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Petitioner Daniel Gomez-Delgadillo (Gomez-Delgadillo), a native and citizen of Mexico, seeks review of a decision from the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We affirm.

1.      Substantial evidence supports the agency's denial of relief.  *See Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (applying substantial evidence standard).  Gomez-Delgadillo testified that he once rented a home to individuals who used the property to stage a kidnapping.  The kidnappers were imprisoned.  Thinking Gomez-Delgadillo provided information to authorities, other individuals made 25 to 30 threatening phone calls to Gomez-Delgadillo between 2008 and 2012, and two men threatened to hurt him if he did not help free the prisoners.  However, Gomez-Delgadillo was never physically harmed.  These facts do not establish past persecution.  *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (holding that unfulfilled threats do not constitute past persecution).

2.      Gomez-Delgadillo failed to establish nexus to a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground. . . .") (citations

omitted).  The BIA was not required to address Gomez-Delgadillo's argument that he belonged to the particular social group of "landlords," because that argument was raised for the first time on appeal to the BIA.  *See Honcharov v. Barr*, 924 F.3d 1293, 1295 (9th Cir. 2019) (approving BIA's "practice of refusing to address arguments raised for the first time on appeal").  In any event, Gomez-Delgadillo testified that criminals targeted him because they thought he informed police, not because of his status as a landlord.

3.  Four of Gomez-Delgadillo's siblings and two of his children still live in Mexico and have remained unharmed.  *See Cuadras v. I.N.S.*, 910 F.2d 567, 571 (9th Cir. 1990) (holding that a claim of persecution is undermined when relatives reside in the country unmolested).

4.  Because Gomez-Delgadillo failed to meet his burden of establishing eligibility for asylum, he necessarily fails to meet the higher burden of proof required for withholding of removal.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

5.  Gomez-Delgadillo waived any argument as to his CAT claim because he did not discuss the matter in his opening brief.  *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).  Regardless, Gomez-Delgadillo did not establish that he "will more likely than not be tortured with the consent or

3

acquiescence of a public official." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted).

**PETITION DENIED**.